SILVA RUN WORLDWIDE
LIMITED, Plaintiff,

v.

GAMING LOTTERY CORPORATION,
et al., Defendants.

Coutts & Co AG, Counterclaimant,

v.

Silva Run Worldwide Limited and Alejandro Salazar Diaz, Counterclaim
Defendants.

No. 96 Civ. 3231(RPP).

United States District Court,
S.D. New York.

April 14, 2003.

J. Christopher Shore, Tara A. Hunt, White & Case LLP, New York City, for Coutts & Co. AG.

Pierre F.V. Merle, Stephen H. Nakamura, Merle & Brown, P.C., New York City, for Silva Run Worldwide Ltd.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant and Counterclaimant Coutts & Co., AG ("Defendant") moves for leave to amend its Answer and Counterclaim. For the following reasons, the motion is granted.

#### Brief Summary of Facts

Defendant served its Answer and Counterclaim to the Third Amended Complaint of Plaintiff Silva Run Worldwide Limited ("Plaintiff") on May 18, 2001. Hector Gomez Lopez ("Gomez") and Alejandro Salazar Diaz ("Salazar"), Plaintiff's principals, were subse-

quently deposed and "testified to committing a battery of illegal and fraudulent acts." (Memorandum of Law in Support of Defendant's Motion to Amend at 1.) As set forth in Defendant's Proposed Amended Answer, Gomez and Salazar admit the following:

- Plaintiff was at all relevant times controlled, dominated and managed by Gomez and Salazar (Defendant's Proposed Amended Answer at ¶ 221);
- In or about early 1994, Gomez, Salazar and entities under their control, including Plaintiff, began participating in illegal transactions by purchasing stock pursuant to Regulation S of the Securities and Exchange Commission, 17 C.F.R. § 230.901–.904 ("Regulation S") and simultaneously engaging in short selling on the open market of stock so purchased (*id.* at ¶¶ 231–242; 261–268);
- Following the Mexican government's issuance of a warrant for Gomez's arrest, Gomez fled to the United States and made a series of transfers of his assets in order to protect approximately $20 million of his assets from seizure by the Mexican government (*id.* at ¶¶ 244–250); and
- In order to protect Gomez's assets from seizure, Gomez and Salazar transferred Gomez's assets to capitalize Plaintiff. (*Id.* at ¶¶ 254–260.)

Defendant's proposed amendment pleads counterclaims for common law fraud (*id.* at ¶¶ 273–278, 283, 285, 287, 289); conspiracy to commit common law fraud (*id.* at ¶¶ 287, 289); and RICO violations (*id.* at ¶¶ 291–300, 305–307). The proposed amendment also requests judicial declaration that Plaintiff is the alter ego of Salazar and Gomez.

### Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has found that "grant or denial of an opportunity to amend is within the discretion of the District Court" but that refusal to grant leave to amend a pleading without justification is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■■■ Courts consider five factors when deciding whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Rachman Bag Co. v. Liberty Mutual Insurance Co.,* 46 F.3d 230, 234 (2d Cir.1995). In this case, these factors weigh heavily in Defendant's favor.

### 1. Defendant Has Not Caused Undue Delay

The last day of Gomez's deposition was October 2, 2002, and on October 28, 2002, the Court denied the request for leave to continue the Gomez deposition. (*See* Def. Mem. in Supp. to Amend at 3, n. 2.) Upon conclusion of the Gomez deposition and review of the transcripts, Defendant submitted its Proposed Amended Answer to Plaintiff on December 4, 2002. (*See id.* at 3.) Relying on its own previous pleadings, Plaintiff asserts that the proposed amendment is based on facts that Defendant knew or should have known and thus should be denied. (Plaintiff's Memorandum of Law in Opposition at 6–9 citing *Whelan v. Bank United of Texas,* 1999 WL 285502, *2 (S.D.N.Y.1999).) Plaintiff's previous pleadings however contained flaws and inconsistent factual allegations which the Court determined required their dismissal. The new facts alleged in the counterclaims garnered from the depositions however go well beyond the scope of activities disclosed in Plaintiff's previous pleadings. (*See* Defendant's Reply Memorandum at 3.) When Plaintiff refused to consent to the proposed amendment, Defendant promptly filed the current motion. (*See id.*) Thus, Defendant has not caused undue delay in the case. Notably, the Second Circuit has permitted amendment where leave to amend was sought and granted after significantly longer periods of time than has passed in this case.

*See e.g., Rachman Bag,* 46 F.3d at 235 (four years was not undue delay).

### 2. The Amendment is Not Sought in Bad Faith

Defendant's motion to expand its allegations is a direct result of Gomez's and Salazar's admissions, and there is no evidence to suggest the motion is motivated by bad faith.

### 3. Defendant has Not Failed to Cure Prior Deficiencies

Failure to cure prior deficiencies is not a relevant factor here because Defendant has made no prior amendments to its Answer and Counterclaim.

### 4. Granting the Amendment Will Not Prejudice Plaintiff

In determining what constitutes prejudice in the context of a motion to amend under Rule 15(a), the Second Circuit considers whether the assertion of the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [opposing party] from bringing a timely action in another jurisdiction." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993).

In this case, Plaintiff has yet to take any depositions of Defendant's employees, and documents relating to the alleged fraud allegations fall within existent discovery requests, as do documents relating to Plaintiff's formation and operation. (*See* Def. Mem. in Supp. to Amend at 5.) Furthermore, Salazar and Gomez have already been deposed regarding the subject matter of the new allegations; indeed their testimony formed the basis of the proposed amended allegations. (*See id.*) Thus, the proposed amendment would neither require Plaintiff to expend significant additional resources to conduct discovery and prepare for trial, nor significantly delay the resolution of the dispute. There is no suggestion that the proposed amendment would prevent Plaintiff from bringing a timely action in another jurisdiction.

### 5. The Amendment is Not Futile

Defendant's proposed amended counterclaims sufficiently plead facts to support the allegations, and in the Court's view are not futile.

### Conclusion

Due to the liberal rules governing the amendments of pleadings and the forgoing reasons, Defendant's motion to amend its Answer and Counterclaim is granted.

IT IS SO ORDERED.