**In re Robert Jeffrey JOHNSON, Debtor.**

**Susan L. Rhiel, Trustee, Plaintiff**

v.

**Kathleen D. Hook, Defendant.**

Bankruptcy No. 06–51887.
Adversary No. 08–02114.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 12, 2009.

Christy Prince, Kegler, Brown, Hill & Ritter, LPA, Larry J. McClatchey, Columbus, OH, for Plaintiff.

Susan L. Rhiel, Columbus, OH, pro se.

Arnold S. White, Columbus, OH, for Defendant.

## ORDER ON MOTION TO AMEND ANSWER

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Motion to Amend Answer (Doc. 21) (the "Motion") filed by the defendant Kathleen Hook ("Defendant") in the above captioned adversary proceeding. Due to change in counsel, Defendant seeks to materially change answers to the allegations of the Plaintiff's Complaint, asserting that the Defendant's previous Answer was filed without her review.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in

this District. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2).

## I. Background

In order to fully appreciate the posture of this case, a summary of the evolution of this adversary proceeding is helpful. Robert Jeffrey Johnson (the "Debtor") filed a Petition for Relief under chapter 7 of the Bankruptcy Code on April 26, 2006. Susan L. Rhiel, the Plaintiff in this adversary proceeding, is the duly appointed trustee. Upon motion of the Trustee, with notice to the Defendant and an opportunity to object, on March 5, 2008, this Court entered an Order (*In re Johnson*, Chapter 7 case # 06–51887, Doc. 423) directing Defendant to appear on March 18, 2008 for an Examination pursuant to Bankruptcy Rule 2004. She failed to appear, and filed nothing to seek relief from the Court's Order. See Transcript, Attempted Deposition of Kathleen D. Hook (*Johnson*, Doc. 431).

On April 25, 2008, the Trustee filed the Complaint initiating this adversary proceeding, seeking avoidance of fraudulent conveyances, an accounting, and declaratory judgment, among other things. The Defendant was duly served with Summons, which established May 29, 2008 as the deadline for filing a response to the Complaint. The Defendant failed to file a response to the Complaint, whereupon the Trustee filed a Motion for Entry of Default Judgment (Doc. 4) on June 4, 2008. On June 9, 2008, the Defendant finally appeared with attorney Karen Hamilton, filing a Motion for Leave to File Answer Past Deadline (Doc. 5), with an Answer attached. Before the Trustee had an opportunity to respond to the Motion for Leave, the Defendant filed an Amended Answer (Doc. 8) on June 11, 2008. Although the Defendant did not seek leave of Court to amend her Answer (in fact, the Court had not yet granted the Motion for Leave), the Trustee did not object to the Amended Answer. The Defendant articulated no valid reason for her failure to timely answer the Complaint; nonetheless, upon agreement of the parties, an Agreed Order was entered, denying the Motion for Default and granting the Motion for Leave to File Answer.

In September 2008, Defendant's counsel requested leave to withdraw as counsel, on the basis that Defendant was failing to communicate and cooperate with counsel. Shortly thereafter, Defendant retained new counsel and Arnold S. White filed a Notice of Appearance on September 12, 2008. On October 22nd, the Court held a pretrial conference at which Mr. White appeared, as well as counsel for the Trustee. At the conference, Mr. White indicated that he was contemplating filing a motion for leave to amend the Defendant's Answer. After soliciting the input of all present, the Court announced several deadlines, including November 5th as the deadline for amendment of pleadings. On October 30, 2008, the Court entered its Order Setting Deadlines and Continuing Pretrial (Doc. 19), reiterating the deadlines, including that set for amendments to pleadings of November 5, 2008. It was not until November 19th, over two months after he was retained, that Defendant's new counsel filed the Motion to Amend Answer (Doc. 21) presently under consideration.

The story goes on: On December 18, 2008, the Trustee issued a Notice of Deposition (Doc. 24), setting the deposition of Defendant on January 22, 2009. On that very date, the Defendant declined to appear at the deposition and instead filed a Motion for Protective Order (Doc. 25). The Motion for Protective Order sought to limit the Trustee's examination on the basis that many of the areas of inquiry may have been the subject of examination of Defendant when she appeared as a witness in a hearing that occurred June 22, 2007,

long before the filing of the instant Complaint. Although Counsel for Defendant asserted in his Motion that he had commenced discussions on the topic with counsel for the Trustee shortly after receiving the Notice, he did not explain why he waited until the last minute to file the Motion for Protective Order.[1]

It is also relevant that the Defendant is the mother of the Debtor's longtime girlfriend, Carrie Hook ("Ms.Hook"), with whom Debtor has fathered a child. According to deposition testimony of Ms. Hook, they (the Debtor, Ms. Hook, their child and Ms. Hook's child of a former relationship) lived with Defendant for a while. The Defendant was, at one point, an employee of at least one of the Debtor's business associations, Global Living, LLC, where she provided bookkeeping and other services to the company and related businesses.

Among the assets that the Trustee seeks to recover from the Defendant are high-end household goods and furnishings that the Defendant allegedly purchased from the Debtor. These same furnishings were the subject of a motion for turnover brought by the Trustee against the Debtor. (*Johnson,* Doc. 257). Although the Trustee prevailed on the motion for turnover (*Johnson,* Doc. 348, entered September 12, 2007), the Debtor has failed to turnover the furnishings and the Trustee has been unable, despite dogged effort, to obtain possession. The Trustee located the furnishings in a condominium purportedly owned by the Debtor's father; it appears that the Debtor, his girlfriend and the children resided in the condominium for a portion of last year, with use of the furnishings. It is unclear if the Defendant resided there at the same time. Many of the furnishings have now disappeared from the condominium.

## II. Discussion

■ Fed.R.Civ.P. 15 is made applicable to adversary proceeding via Fed. R. Bankr.P. 7015, and provides in pertinent part:

(a)(1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course:

(A) before being served with a responsive pleading; or

(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

■ "Courts consider five factors when deciding whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment." *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.,* 215 F.R.D. 105, 106 (S.D.N.Y.2003) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

*A. Prejudice to the Trustee.*

■ There is no question that the Court should freely allow amendments to pleadings. However, the mandate of the rule to freely allow amendment must be balanced against the philosophy that time is of the essence in bankruptcy cases. *See e.g.,* Fed. R. Bankr.P. 1001 ("These rules shall

---

1. The Motion for Protective Order was denied by recent Order of this Court.

be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."); *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ("[A] chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period[.]' ") (quoting *Ex parte Christy*, 44 U.S. 292, 312, 3 How. 292, 11 L.Ed. 603 (1845)). The Trustee's duty is to maximize the value of the bankruptcy estate and render the value thereof to the creditors. Thus, it is imperative that the Trustee expeditiously gain possession of and liquidate assets that are property of the estate. The household goods and furnishings being pursued by the Trustee are assets which lose value with every day that passes. Delay in this case necessarily results in diminution of assets of the estate which is prejudicial to the Trustee and the estate.

Additionally, the Defendant's Amended Answer admitted numerous material facts: among them, that she is an insider of the Debtor as that term is defined by the Ohio Revised Code, that the Trustee has standing to bring this action, and that various transfers from the Debtor to or through the Defendant are avoidable. Obviously, as admitted facts, the Trustee did not need to litigate them. The Defendant's proposed Second Amended Answer changes the Defendant's position on such facts. Therefore, the Trustee would now have to litigate previously conceded facts, resulting in increased delay and expense to the bankruptcy estate.

### B. *Bad Faith and Dilatory Motive.*

Given the history of this proceeding and the underlying bankruptcy case described above, the Court is convinced that the Defendant's motion is driven, at least in part, by bad faith and dilatory motive. In the instant proceeding and the underlying bankruptcy case, it is plainly evident that the Defendant is conducting herself in a fashion to assure delay in the resolution of this matter. Additionally, the Defendant has not provided any good reason why her initial Answer was not properly or adequately framed. She did not assert that her prior answer was a result of mistake, oversight, being misled, attorney neglect or even that it states error. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Simply because she has obtained new counsel is not sufficient reason to allow amendment to her Answer, even when new counsel envisions a new or different strategy or approach. As observed by the Court in *Arista Records, Inc. v. Flea World, Inc.*,

> Defendants' articulated main reason for seeking leave to amend is that 'new counsel' wishes to cure 'certain defects' in the Amended Answer and add 'new information and defenses discovered by new counsel.' … That some Defendants have hired new counsel, however, is generally not a valid reason for amendment. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991)(denial of leave to amend was appropriate where 'no new facts or changes in the law warranted the filing of an amended complaint, other than the fact that Villa was represented by a new attorney'); *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148, 1154 (5th Cir.1981) ('the retention of a new attorney able to perceive or draft different or more creative claims from the same set of facts' is not a legitimate basis for amendment of a pleading).

*Arista Records*, 356 F.Supp.2d 411, 419–20 (D.N.J.2005). Attorney error or failure to follow the client's instructions is not necessarily sufficient to warrant amendment of an answer. *Koolstra v. Sullivan*, 128

F.R.D. 672 (D.Colo.1989). Furthermore, the Motion was not filed as promptly as one would expect of new counsel, having been submitted in mid November, almost two months after he filed his Notice of Appearance and almost a month after the pretrial conference. Defendant offers no reason why the Motion was not filed more promptly.

### C. Undue Delay.

In this proceeding, which is already fraught with undue delay due to the actions of the Defendant, allowing amendment of the Defendant's Answer would occasion additional delay. As discussed above, the Defendant's Amended Answer admitted numerous material facts, which the proposed Second Amended Answer would now deny. Obviously, the Trustee has not needed to conduct discovery on admitted facts. This adversary proceeding was filed in April 2008. The discovery deadline and deadline for dispositive motions has been set and is rapidly approaching. If the Defendant is allowed to amend her existing Answer, the Trustee would have to re-evaluate the Defendant's position and more than likely, adjust her discovery plan and strategy, resulting in further delay in proceeding to final disposition of this case.

### D. Timeliness.

Finally, as Defendant is apparently wont to do, she failed to file her Motion within the deadline agreed by her counsel at the pretrial conference and set by the Court. This may be sufficient itself for the Court to deny the Motion. *See e.g., Waters v. Weyerhaeuser Mortgage Co.,* 582 F.2d 503, 507 (9th Cir.1978). Deadlines are set in order to facilitate the prompt and efficient prosecution of an adversary proceeding or contested matter. To countenance or overlook the Defendant's repeated disregard of the rules of civil procedure and orders of court, does naught but reward her for such conduct, prejudice the Trustee in proper discharge of her duties, frustrate the goals of rules we are to be guided by, damage our judicial system and diminish the authority of the Court.

For all of the foregoing reasons, it is ORDERED and ADJUDGED that the Defendant's Motion to Amend Answer is DENIED.

IT IS SO ORDERED.